# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**UNIFIRST CORPORATION LOCATION 108**                                                   **PLAINTIFF**

**V.**                                                               **CASE NO. 4:13CV114-NBB-JMV**

**PROTEIN PRODUCTS, INC.**                                                               **DEFENDANT**

## **MEMORANDUM OPINION**

Presently before the court are the motions of Defendant Protein Products, Inc. ("PPI"), for transfer of venue and to vacate an arbitration award, and of Plaintiff UniFirst Corp. for confirmation of arbitration award. Upon due consideration of the parties' filings and supporting and opposing authority, the court is ready to rule.

**Factual and Procedural Background**

PPI operates an animal feed production plant in Sunflower, Mississippi. From 2009-2012, UniFirst provided uniforms and other supplies to PPI pursuant to a Customer Service Agreement. In 2012, PPI became dissatisfied with UniFirst's performance and after discussion between the parties, PPI sent a letter terminating UniFirst's services effective May 25, 2012. Subsequently, UniFirst filed for arbitration, claiming that PPI breached the contract between the parties.

An arbitration hearing was conducted at the American Arbitration Association ("AAA") office in Atlanta, Georgia on January 18, 2013, before arbitrator Thomas Branch. After the arbitration hearing, but before an award was issued, Mr. Branch recused himself due to an undisclosed conflict. The AAA replaced Mr. Branch with arbitrator Penn Payne. PPI filed a

request for a new hearing, which Ms. Payne denied. Payne found in favor of UniFirst and awarded damages in the amount of $86,323,43 and attorney's fees in the amount of $7,000. In rendering an award, Payne relied on the transcript of the hearing held in front of Branch, the exhibits in the record, and the pre-hearing and post-hearing briefs from the parties. UniFirst filed an action in Mississippi state court to recover payment of the award, and PPI timely removed to this court.

## A. *Motion to Transfer Venue*

PPI first filed a motion to transfer venue from the Northern District of Mississippi to the Northern District of Georgia.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C 1404(a). "The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).

The Fifth Circuit has identified these private concerns to include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Syndicate 420 at Lloyd's London*, 796 F.2d at 831. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of

2

unnecessary problems of conflict of laws and the application of foreign law. *Id*. The movant must demonstrate that the transferee venue is clearly more convenient to show good cause for the transfer, otherwise the plaintiff's choice should be respected. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008).

As a threshold matter, a motion to confirm, vacate, or modify an arbitration award may be filed either where the award was made or in any district proper under the general venue statute. *See* 9 U.S.C. §§ 9-11; *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 204 (2000). Thus, the action to confirm could have been brought in Georgia, where the award was made.

Defendant PPI contends that the Northern District of Georgia is a more convenient venue than the Northern District of Mississippi because PPI is incorporated in Georgia, with its principal place of business and corporate headquarters in Georgia, and the arbitration proceeding was held in Georgia.[1]

While referencing the convenience factors, PPI does not specify the location of any proof, what witnesses, if any, will be necessary, the location of any witnesses, or the cost of attendance of witnesses, merely stating that the locus of operative facts occurred in Georgia. UniFirst argues that every witness who appeared at the arbitration hearing traveled from Mississippi to Georgia.

---

[1] UniFirst states that PPI "consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof;" however, PPI does not argue that this court has no jurisdiction to confirm or vacate the award, but that the Northern District of Georgia is simply more convenient.

This action was filed to confirm an arbitration award and as such, a trial will not be scheduled in this matter. Rather, the issue will be decided through motion practice and no witness will be required to appear before the court.

PPI has not shown that the Northern District of Georgia would clearly have easier access to proof than the Northern District of Mississippi, thus this factor weighs against transfer. Further, there are no practical problems related to trial that would favor one district over the other.

PPI has not identified any public concerns that would warrant a transfer from this district. Most of the public considerations do not give weight to one district over the other: there are no administrative difficulties flowing from court congestion in this district and the court is unaware of any congestion in the Northern District of Georgia; both forums have equal familiarity with arbitration disputes under the Federal Arbitration Act; and there are no conflict of laws issues. The court finds that the local interest in having localized controversies decided at home would likely be greater in the Northern District of Mississippi since the underlying dispute arbitrated relates to a contract performed in Mississippi.

PPI has failed to point to any evidence in support of any factor purporting to show that the Northern District of Georgia would clearly be a more convenient forum. As such, the motion to transfer venue is hereby denied.

### B. *Motions to Confirm and Vacate the Arbitration Award*

After PPI's removal of this suit, UniFirst moved to confirm the arbitration award. PPI responded in opposition and moved to vacate the award.[2]

"In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Brook v. Peak Int'l, Ltd.,* 294 F.3d 668, 672 (5th Cir.2002) (internal quotation marks omitted). Similarly, courts reviewing an arbitration award made under the FAA should be "exceedingly deferential." *Apache Bohai Corp. LDC v. Texaco China BV,* 480 F.3d 397, 401 (5th Cir.2007) (citing *Brabham v. A.G. Edwards & Sons, Inc.,* 376 F.3d 377, 380 (5th Cir.2004)). "[F]ederal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.,* 918 F.2d 1215, 1218 (5th Cir.1990).

This court must confirm the arbitration award unless it is vacated, modified, or corrected pursuant to the Federal Arbitration Act. *See Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)).

The FAA provides four statutory grounds for vacating an award:

(1) where the award was procured by corruption, fraud, or undue means;

---

[2] The parties' arbitration provision does not contain explicit language allowing for judicial confirmation of an award; however, the parties agreed that all disputes would be resolved through "final and binding arbitration," and must have anticipated that a judicial court could be necessary to achieve finality. Notably, neither party has objected to the court's jurisdiction and each has availed itself of this court: PPI through removal of the action and both parties through the filing of motions requesting judicial review of the award. Thus, the court finds that the parties have consented to the court's jurisdiction to review the award. *See T&R Enters., Inc. v. Continental Grain Co.*, 613 F.2d 1272, 1279 (5th Cir. 1980).

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; [and]
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

PPI argues that the arbitrator's denial of a second hearing constitutes "misconduct in refusing to hear evidence pertinent and material to the controversy," in violation of section 10(a)(3). An arbitration award will be set aside only if the exclusion of the contested evidence prevented the parties from receiving a fundamentally fair hearing. *Gulf Coast Indus. Workers Union v. Exxon Co., USA,* 70 F.3d 847, 850 (5th Cir.1995).

PPI does not allege that arbitrator Branch committed any type of error in the admittance or exclusion of evidence during the hearing held in this dispute and thus the parties admittedly received a fundamentally fair hearing in front of an arbitrator.

Although the hearing was not held by the award-rendering arbitrator, the court finds that the arbitrator did not deprive the parties of a fundamentally fair hearing by declining to hold a second hearing because she based her award in part on the transcript from a previous hearing that neither party alleges to have been fundamentally unfair itself. PPI appears to center its argument on whether the arbitrator could have made adequate credibility determinations from the transcript alone. This point is well-taken, but the arbitrator issued a seventeen-page opinion from which it is clear that any alleged inability to assess the credibility of the witnesses in this case was not a deprivation that rose to the level of denying the parties a fundamentally fair hearing.

PPI further argues that the arbitrator exceeded her power by rendering an award based on the transcript of the hearing before the previous arbitrator, the exhibits already in the record and pre-hearing and post-hearing briefs from the parties instead of rehearing evidence through live testimony. "Limitations on the arbitrators' scope of power must be clear and unambiguous or else they will be construed narrowly." *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 343 (5th Cir. 2004) (citing *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 62 (1995)). "A reviewing court examining whether arbitrators exceeded their powers 'must resolve all doubts in favor of arbitration.'" *Id*. (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)).

The parties' arbitration provision contains no express restrictions on the arbitrator's power. The agreement does provide that arbitration between the parties is subject to the Expedited Procedures of the AAA's Commercial Arbitration Rules and the Federal Arbitration Act. Nothing in these rules or the act specify that a substitute arbitrator cannot issue an award based on the transcript from a hearing, written evidence, and brief, and instead must hold a live hearing. Commercial Rule 19(c) states that "[i]n the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings." PPI argues that this rule does not apply when the assigned arbitrator serves alone, but there is no language to support this contention.[3]

---

[3] PPI cites cases from the Eleventh Circuit involving the re-hearing of a bench trial after a judge's death. However, common sense dictates that arbitration proceedings are not held to the same procedural standards as cases in district court.

As discussed *supra*, the arbitrator issued a lengthy reasoned award based on the transcript, evidence and briefs presented to her. Based on the foregoing and given the strong policy in favor of arbitration, the court finds that the award does not meet the standard for vacatur under the FAA and therefore should be confirmed.

## Conclusion

For the foregoing reasons, the court finds that Defendant PPI's motion to transfer venue is hereby **DENIED**. Plaintiff UniFirst's motion for confirmation of arbitration award is **GRANTED**. Defendant PPI's motion to vacate arbitration award is **DENIED**. A separate order in accord with this opinion will issue this day.

This, the 24th day of March, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**